899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry E. FURLOUGH, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 89-3371.
 United States Court of Appeals, Federal Circuit.
 March 21, 1990.
 
 Before MARKEY, Chief Judge, and RICH and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. PH07528810101-1, sustaining the Department of the Army's removal of Larry E. Furlough is affirmed.
 
 OPINION
 
 2
 Mr. Furlough was removed from the position of Engineering Equipment Operator by the Department of the Army, based on allegations that he was insubordinate and that he threatened to inflict bodily harm on his supervisor, Henry Williamson, on August 20, 1987, and that he directly threatened Mr. Williamson and telephoned a threat to his home on November 9, 1987. The Board remanded the administrative judge's affirmance of the removal for more detailed findings on the credibility of witnesses. The administrative judge made additional findings and again affirmed the removal, and the Board sustained the administrative judge's decision.
 
 
 3
 On appeal, the Board's decision must be affirmed unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained without procedures required by law, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Covington v. Department of Health and Human Services, 750 F.2d 937, 941 (Fed.Cir.1984).
 
 
 4
 The case against Mr. Furlough is based mainly on the testimony of three witnesses; Mr. Williamson, Mr. Wheeler, and Mrs. Williamson. Although appellant pointed out numerous inconsistencies in the testimony of these witnesses, the administrative judge found that
 
 
 5
 the above inconsistencies do not go to the critical facts of the case. These collateral inconsistencies do not diminish the thrust of the witnesses' testimonies about the facts on the actual charges of insubordinate conduct and making threats.
 
 
 6
 slip op. at 9.
 
 
 7
 We agree that the inconsistencies do not go to the core facts in dispute. The inconsistencies relied on by the appellant are insufficient to overturn the credibility determinations of the administrative law judge.